JOHN F. DEVINE, Admr., Defendant in Error, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed February 21, 1914—Rehearing denied April 10, 1914.*

1. PLEADING—*when additional counts do not state a new cause of action.* Where the original counts charge the defendant street railway company's negligence to be the sudden increase in the speed of the car, with the result that the plaintiff's intestate was thrown from the car, additional counts charging the same negligence but with the result that plaintiff's intestate was brought into violent contact with a telegraph or telephone pole and was thereby thrown to the ground, do not charge a different cause of action from the original counts.

2. INSTRUCTIONS—*when refusal of instruction is not reversible error.* Refusal to give a specific instruction to the effect that there could be no recovery by reason of the existence of a certain condition which was not charged as a ground of negligence in the declaration is not reversible error, where other instructions are given limiting the plaintiff's right of recovery to the negligence charged in the declaration.

DUNN, J., COOKE, C. J., and CARTWRIGHT, J., dissenting.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

S. S. PAGE, and C. LEROY BROWN, (LEONARD A. BUSBY, of counsel,) for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

Mr. Justice Farmer delivered the opinion of the court:

John Flanley, while in the act of boarding a street car of the Chicago City Railway Company, was thrown to the ground and so injured that he died. His administrator brought this action against the street railway company for damages, alleging that the death was caused by the negligence of the defendant. A recovery was had by plaintiff in the superior court of Cook county, and the judgment of that court was affirmed by the Appellate Court for the First District. The record is brought to this court for review by a writ of *certiorari*.

The injury which resulted in the death of John Flanley occurred at the corner of Forty-seventh street and Center avenue, in the city of Chicago. Forty-seventh street runs east and west and Center avenue intersects it from the south. There is a double-track street railway on Center avenue, which curves east at its intersection with Forty-seventh street and runs thence east on said Forty-seventh street. The sidewalk at the south-east corner of the intersection of said streets extends to the curb on both streets, and at the corner, just inside the curb, was a telegraph or telephone pole. The side of a car coming north on Center avenue and turning east on Forty-seventh street would come within a few inches of this pole. The car which caused Flanley's death came from the south on Center avenue and stopped before turning into Forty-seventh street, to discharge and receive passengers. Its front platform was about at the south cross-walk of Forty-seventh street. As Flanley attempted to get on the front platform the car was started, causing him to lose his balance, and as it went around the corner he was brought in contact with the telegraph pole and knocked off, falling under the car and receiving such injuries as to cause his death.

The accident occurred on August 30, 1908, suit was begun the following November, and a declaration of two

counts was filed in January, 1909. More than a year after the intestate's death two additional counts were filed, to which the defendant pleaded the limitation of one year. Demurrers were sustained to these pleas and the cause was tried on all four counts and the general issue. It is claimed that the court erred in sustaining the demurrer to the pleas, in refusing an instruction and in giving an instruction.

The first count alleged that while the car was standing still, and the deceased, in the exercise of due care, was in the act of boarding it, the defendant, by its servants, wrongfully and negligently started the car forward suddenly, violently and without warning, "and as a direct result, and in consequence thereof, the deceased was thereby then and there thrown and fell from said car to and upon the track," was run over, and thereby sustained such injuries that he died. The second count is the same, except that it states that the car, at the time, was running very slowly, and the defendant wrongfully and negligently, suddenly, violently and without warning increased the speed, so that the deceased was thrown off. The additional counts were identical with the original counts, except that after the allegation of the sudden starting or increasing of the speed of the car without warning, these words occur: "And as a direct result, and in consequence thereof, the deceased was thereby then and there *brought into violent contact with a telegraph or telephone pole which was standing alongside of said railway, and he was thereby* thrown and fell from said car," etc. The only difference between the first count and the first additional count, and between the second count and the second additional count, is the insertion of the words above shown in italics.

It is insisted by plaintiff in error that each of the additional counts states a new and different cause of action from that stated in the original counts, and that as to said additional counts the Statute of Limitations was a good plea. We do not agree with this contention. The negli-

gence charged in all four of the counts is the same, namely, the wrongful, negligent, sudden and violent starting of the car without warning to the deceased, as a result and consequence of which he was thrown or fell upon the track. No negligence is predicated in the additional counts upon the position of the pole with reference to the tracks of the street railway. There is no averment of any negligent or wrongful conduct upon the part of the plaintiff in error in operating its railroad in such close proximity to the pole. The additional counts alleged that as a result of the same negligence charged in the two original counts the deceased ·was·brought in contact with the pole and thrown to the ground. The additional counts were but an amplification of the original counts in stating how the sudden and violent starting of the car operated to throw the deceased to the ground. No new or other negligent act was charged in said additional counts, and the court did not err in sustaining the demurrer to the plea of the Statute of Limitations to said additional counts.

Plaintiff in error asked the following instruction, which the court refused to give:

"The court instructs you that the plaintiff cannot recover in this case on the ground, merely and only, because of the proximity of the telegraph or telephone to the car track. That fact is not alleged as a ground of recovery in this case."

The proximity of the pole to the car track was not alleged as a ground of negligence, and there could be no recovery, "merely and only," because of the proximity of the pole to the track, but we do not see how the refusal to give the instruction could have prejudiced the plaintiff in error. We must assume the jurors possessed the qualifications prescribed by the statute, and if they did, they knew the only negligence charged and relied upon was the sudden and violent starting or increasing the speed of the

car when the deceased was attempting to board it, whereby he lost his balance, was brought in contact with the pole and thrown to the ground. Nothing in the declaration or in any instruction given for the defendant in error tended to lead the jury to understand or believe he was charging any liability of plaintiff in error on account of the location of the pole. By one instruction given by plaintiff in error the jury were told that even if they believed, from the evidence, "the servants of defendant in charge of the car were guilty of the particular negligence charged," but that deceased was himself guilty of contributory negligence, there could be no recovery. Another instruction told the jury that if deceased received the alleged injury, "not from any cause stated in the declaration but from any other cause whatever," there could be no recovery. Another instruction told the jury that if they believed, from the evidence, "defendant was not guilty of the particular negligence charged" there could be no recovery. The declaration having alleged negligence only in the sudden and violent starting of the car without warning, and the instructions having repeatedly told the jury that in determining the question of liability of plaintiff in error they were to be confined to the proof upon the negligence charged in the declaration, we would be unwarranted in assuming the jury might have found plaintiff in error guilty on some ground of negligence not alleged in the declaration because the court did not give the instruction above set out. While it would be reversible error to instruct a jury that plaintiff might recover upon proof of an act of negligence not alleged in the declaration, it does not follow that it is reversible error to refuse to instruct a jury that there can be no recovery upon a ground of negligence not charged in the declaration.

The jury were fully, and even elaborately, instructed on behalf of plaintiff in error upon the law of the case, and

no error was committed by the court in giving instructions on behalf of defendant in error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

DUNN, J., COOKE, C. J., and CARTWRIGHT, J., dissenting:

There was a conflict in the evidence as to whether the car was standing still or in motion when Flanley attempted to get on, and, although we must regard all questions of fact as determined against the plaintiff in error, it was essential to a fair trial that instructions clearly stating to the jury the issue to be tried should have been given if requested. That issue was formed by the defendant's general denial of the two counts of the declaration, one of which stated that while the car was standing still and the deceased, in the exercise of due care, was boarding it, the defendant started the car forward suddenly, violently and without warning; and the other, that while the car was running very slowly and the deceased, in the exercise of due care, was boarding it, the defendant suddenly, violently and without warning increased its speed. That no negligence was charged other than the sudden starting or increasing of the speed of the car is conceded. It was further alleged in each count that the deceased was brought into violent contact with a telegraph or telephone pole which was standing alongside of the railway and was thereby thrown from the car. That this allegation was not a charge of negligence or ground of recovery is also conceded. It is said in the majority opinion that the refused instruction correctly stated this proposition. The instruction was therefore a correct proposition of law applicable to the pleadings and evidence in the case. Its refusal can only be justified for the reason that such refusal could not have been prejudicial to the defendant, and that is the reason given. Both counts of the declaration alleged the prox-

imity of the pole and the track, and it was apparent that
the accident would not have happened if the pole had not
been where it was. The evidence as to the sudden starting
of the car or increasing of its speed was conflicting, but
there was no doubt that, even though the jury might have
found in favor of the defendant on this question, the de-
ceased was brought in contact with the pole and thereby
thrown from the car and injured. In this state of the case
it was important that the jury should know whether or not
the fact of the pole being so near the railway track could
be the basis of their verdict. By the refused instruction
they would have been told they could not regard such fact
as a basis for recovery. The proximity of the pole was
alleged in the declaration and proved by the evidence, and
the jury should have been told that it was not alleged as
a ground of recovery.

No instruction was given informing the jury what the
issue was which they were to try, what the material allega-
tions of the declaration or of either count were, or what
the plaintiff was required to prove to entitle him to a ver-
dict. The jury were not even referred to the declaration
to ascertain the issue. In two of the three negative instruc-
tions mentioned in the majority opinion the jury were told
that there could be no recovery if the defendant was not
guilty of the particular negligence charged, or, even if it
was guilty of the particular negligence charged, if deceased
was himself guilty of contributory negligence. Neither of
these instructions mentioned the declaration, but both left
the jury to find the negligence charged, in the evidence, the
arguments of counsel or elsewhere. The third instruction
referred to in the majority opinion stated that there could
be no recovery if the deceased received the alleged injury,
not from any cause stated in the declaration, but from any
other cause whatever. This is the only instruction refer-
ring to the declaration, and the declaration stated that the
deceased was brought into contact with the pole and thereby

thrown from the car to the track and was run over by the car and injured so that he died. The evidence left no doubt that the deceased, by reason of being brought in contact with the pole, was thrown from the car and injured. Was this a cause stated in the declaration? The jurors were left to answer this question unaided by any instruction from the court. The plaintiff in error was entitled to a specific instruction that it was not. Though the jury were instructed, in a general way, that the plaintiff could not recover if the deceased was injured, not from any cause stated in the declaration but from any other cause whatever, or if the defendant was not guilty of the particular negligence charged, this left the jury to their own interpretation of the cause stated or the negligence charged, instead of instructing them precisely what was the cause stated or the negligence charged. Even though the jury possessed the qualifications prescribed by the statute, it cannot be assumed that they would therefore know what were the material allegations of the declaration, that the sudden starting of the car or increasing of its speed was the only negligence charged, and that the proximity of the pole to the track was not claimed to be either negligence or the cause of the injury. It is erroneous to instruct the jury to find the issues for the plaintiff if he has established, by a preponderance of the evidence, the material allegations of the declaration, for the jury might conclude that some allegation essential in law was not material, and averments which would be clear to a lawyer may often be obscure or unintelligible to jurors. (*Baker & Reddick* v. *Summers,* 201 Ill. 52.) In this case it is stated that the jury could not have believed that the defendant in error was charging the plaintiff in error with any liability on account of the location of the pole, yet the able and experienced counsel of the defendant in error, in two arguments of this cause, has earnestly sought to convince us that the additional counts do allege, as stated in his brief, that the proximity of the

pole was a concurring cause of the injury, and, in fact, was a ground of recovery. If eminent counsel is sufficiently convinced of the justice of this construction seriously to present it in argument to this court, we do not feel justified in holding that a jury, though composed of men of sound judgment, well informed and who understand the English language, would certainly know that his construction of his own pleading was wrong and that it did not charge what he said it charged. If they did not know this then the instruction was necessary to inform them, for we are all agreed that the proximity of the pole was not alleged as a ground of recovery.

In our judgment the refusal of the instruction was prejudicial error.